**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-3421-WJM-STV

DANIEL R. GOODWIN,

      Plaintiff-Counter Defendant,

v.

CAROL SMITH CHAMBERS,

      Defendant-Counter Claimant.

---

**ORDER ADOPTING MARCH 9, 2023 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the March 9, 2023 Report and Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 120) that the Court grant Plaintiff's Motion for Rebuttal of Defense Expert Disclosure ("Motion") (ECF No. 82) to the extent that it seeks to exclude any testimony by Mr. Richardson about the motorhome listed on pages 4–6 of his report; deny the Motion to the extent it seeks to exclude any of the other testimony listed in Mr. Richardson's report; and deny the Motion to the extent it seeks to exclude Mr. Baggett's opinions in his expert report.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed objections to the Recommendation ("Objection").  (ECF No. 126.) Defendant Carol Smith Chambers did not file a response to the Objection.

For the reasons set forth below, Plaintiff's Objection is overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

Plaintiff, who is a prisoner proceeding *pro se*, alleges that on June 17, 2016, the day he was incarcerated at the Pueblo County Jail, Defendant "stole 7 titles from Plaintiff" and "transported all vehicles to New Mexico." (ECF No. 1 at 7.) According to Plaintiff, the title transfers were procured by fraud and constitute conversion of his property. (*See* ECF Nos. 1, 104.) According to Defendant, the vehicles were put up as insufficient collateral on a loan, and properly sold upon Plaintiff's default, per the parties' agreement. (*See* ECF Nos. 3, 107.)

In support of Defendant's case, Defendant has enlisted the aid of two experts: the first, Curt Baggett, to establish that Plaintiff's signature appears on various documents relevant to the case; and the second, Porter Richardson, to establish the value (or lack thereof) of the vehicles allegedly assigned to Defendant by Plaintiff as collateral. (ECF Nos. 41; 41-1 at 37–40; 41-2.) The Motion, very liberally construed, challenges the admissibility of these experts' testimony under Federal Rule of Evidence 702. (*See* ECF No. 82 at 1 ("Filing this MOTION . . . Under Federal Rules of Evidence 702, . . . Under *Daubert*."); 87 ("The Court CONSTRUES 82 Motion for Rebuttal as a Motion to Strike Expert Witness(es).").) Defendant filed a response on November 6, 2022 (ECF No. 89), and no reply was filed.

## II. THE RECOMMENDATION

Judge Varholak's Recommendation concerns the expert opinions of Mr. Baggett and Mr. Richardson, discussed below.

### A.   Mr. Baggett

In the Recommendation, Judge Varholak explained that Mr. Baggett conducted an examination of two questioned signatures to determine their authenticity by

comparing them to known signatures.  (ECF No. 120 at 4.)  Further, he observed that "Mr. Baggett concluded that 'the questioned signatures of [Plaintiff] w[ere] written by the same person of the [known] signatures,'" "[Plaintiff] was the author of the signatures" on the questioned documents, and "[Plaintiff] did indeed author his own signatures" on the questioned documents. . . ."  (*Id*. (citations omitted).)  Plaintiff did not object to Mr. Baggett's qualifications; rather, he speculated that Mr. Baggett did not confirm that the signatures were not cut and pasted on the documents in question—implying that Defendant forged Plaintiff's signature.  (*Id.* at 4–5.)

Despite Plaintiff's arguments, Judge Varholak noted that "Rule 702 does not require an expert to categorically exclude every single alternative in coming to an admissible conclusion."  (*Id.* at 4 (citing *Heatherman v. Ethicon, Inc*., 2020 WL 5798533, at *4 (D. Colo. Sept. 29, 2020) (internal quotation marks omitted) (citing *Etherton v. Owners Ins. Co*., 829 F.3d 1209, 1222 (10th Cir. 2016))).  Additionally, Judge Varholak found that Plaintiff's cited flaw with Mr. Baggett's opinion in fact "goes outside the scope of Mr. Baggett's opinion."  (ECF No. 120 at 5.)  Mr. Baggett concluded that Plaintiff "authored" the questioned signatures, but because he was unable to examine the original documents, he stated that his observations were limited to the appearances of the signatures as opposed to features of a signature indicating how it ended up on a document.  (*Id.*)

Thus, Judge Varholak observed that Mr. Baggett's conclusion is "limited to whether Plaintiff's signature that appears on the questioned document was authored by Plaintiff, and is otherwise silent as to how that signature may have gotten on the document or the authenticity of the document as a whole."  (*Id.*)  Under these

circumstances, Judge Varholak concluded that the proper course of action is for Plaintiff to attack any perceived weaknesses in Mr. Baggett's opinions on cross examination. (*Id.*)  Plaintiff's failure to submit any expert disclosures, rebuttal or otherwise, forecloses an attack on Mr. Baggett's opinion through rebuttal expert testimony.  (*Id.*)  Accordingly, Judge Varholak recommended that the Court deny Plaintiff's Motion as it relates to Mr. Baggett's report.  (*Id.* at 6.)

**B.    Mr. Richardson**

Judge Varholak explains that Mr. Richardson "provided a variety of opinions regarding the condition of some of the vehicles at issue, and their corresponding value." (ECF No. 120 at 6.)  While Judge Varholak found that "Mr. Richardson's distinct opinions are not clearly delineated," he explained that "Mr. Richardson essentially opines on the condition, estimated repair cost, and estimated resale value of each of the vehicles that he personally inspected."  (*Id.*)  In the Motion, Plaintiff asserted that Mr. Richardson is not qualified to offer these opinions because he "is not a Certified Automotive Service Technician."  (*Id.*)

After thoroughly assessing Mr. Richardson's background in the Recommendation, Judge Varholak concluded that Mr. Richardson is qualified to present his proffered opinions, given his "extensive mechanical background relating to automobiles, motorcycles, and boats."  (*Id.* at 7.)  Similar to Mr. Baggett, Judge Varholak found that to the extent Plaintiff seeks to attack Mr. Richardson's experience, he is free to do so through cross examination and presentation of contrary evidence. (*Id.* at 8.)  Thus, Judge Varholak recommended that the Motion be denied as it relates to Mr. Richardson's expert qualifications.  (*Id.* at 9.)

However, Judge Varholak noted a deficiency with Mr. Richardson's report under

Federal Rule of Civil Procedure 26(a)(2)(B).  Mr. Richardson's report does not contain the required "statement of the compensation to be paid for the study and testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B)(vi).  Therefore, Judge Varholak recommended that Defendant be ordered to supplement Mr. Richardson's expert report within fourteen (14) days from a ruling on the Motion to correct this deficiency.  (*Id.* (citing Fed. R. Civ. P. 26(e)).)

### III. STANDARD OF REVIEW

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted).  The "contrary to law" standard permits "plenary review as to matters of law," *see* 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza*, 167 F.R.D. at 133.

In the absence of a timely and specific objection, "the district court may review a

magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. ANALYSIS

As an initial matter, Plaintiff makes no objection to that portion of the Recommendation concerning Mr. Baggett's opinions. (*See* ECF No. 126.) Seeing no clear error in the Recommendation, the Court adopts that portion of the Recommendation concerning Mr. Baggett's opinions.

The Objection primarily consists of a section entitled "Grounds for Striking Automotive Expert Porter Richardsons [*sic*]."  (*Id*. at 2.)  Plaintiff includes an enumerated list of 12 items.  The first eight in Plaintiff's list are generally called "defense disclosures," and they somehow relate to numerous vehicles.  Even construed liberally, as the Court must, these "disclosures" are not specific objections to the Recommendation at issue and are therefore without merit.

Number 9 in Plaintiff's list consists of: "Defense presents Richard Porter as a qualified Auto Expert.  Porter Richardson Did Not provide a Practical Voir Dire in any manner to the Court."  (*Id*.)  This is not a specific objection to the Recommendation and is therefore without merit.

Numbers 10–12 in Plaintiff's list in the Objection are also not specific objections to the Recommendation—they primarily concern what the Court assumes is discovery Plaintiff states he did not receive from Defendant—and are therefore without merit.

In sum, the Court sees no clear error with Judge Varholak's Recommendation with respect to Mr. Richardson's opinions and will adopt the remainder of the Recommendation in full.[1]

---

[1] In the Conclusion section of the Objection, Plaintiff also requests that the Court strike ECF No. 110, which is a motion to amend the final pretrial order; states that he did not receive ECF No. 110 or "the drop box from Defense"; and asks the Court to strike Porter Richardson for failing to comply with ECF No. 120's recommendation that Defendant be ordered to supplement Mr. Richardson's expert report."  (ECF No. 126 at 3.)

The Court assumes that Defendant is complying with her ongoing obligations to send Plaintiff the requisite filings.  Plaintiff's requests with respect to ECF No. 110 are moot, as Judge Varholak has already ruled on that motion to amend the final pretrial order.  (ECF No. 114.) And to the extent Judge Varholak recommended that Mr. Richardson supplement his expert report, this Court is only now ruling on that recommendation; Defendant could not supplement the expert report before this Court ruled on the Recommendation.  Thus, Plaintiff's request on that front is premature.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Objection (ECF No. 126) is OVERRULED;

2.      The Report and Recommendation (ECF No. 120) is ADOPTED in its entirety;

3.      The Court GRANTS Plaintiff's Motion for Rebuttal of Defense Expert Disclosure
        (ECF No. 82) to the extent that it seeks to exclude any testimony by Mr.
        Richardson about the motorhome listed on pages 4–6 of Mr. Richardson's report;
        DENIES the Motion to the extent it seeks to exclude any of the other testimony
        listed in Mr. Richardson's report; and DENIES the Motion to the extent it seeks to
        exclude the opinions in Mr. Baggett's expert report;

4.      Defendant is DIRECTED to supplement Mr. Richardson's expert report by
        **July 14, 2023** with the required "statement of the compensation to be paid for the
        study and testimony in the case" required by Fed. R. Civ. P. 26(a)(2)(B)(vi); and

5.      This case remains set for a two-day trial to the Court beginning on August 28,
        2023 (ECF No. 111).


Dated this 28th day of June, 2023.

                                          BY THE COURT:


                                          William J. Martínez
                                          Senior United States District Judge